IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER, ) | |
| ) | |
| Plaintiff, ) | 8:12CV178 |
| ) | |
| v. ) | |
| ) | |
| SUSAN BAZIS, et al., ) | MEMORANDUM OPINION |
| ) | |
| Defendants. ) | |

Plaintiff filed his complaint in this matter on May 17, 2012 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 5). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his complaint on May 17, 2012, against a Nebraska District Court Judge and four employees of Douglas County, Nebraska (Filing No. 1 at CM/ECF p. 1). Plaintiff's allegations are nearly indecipherable. The complaint consists of, at best, nonsensical and illegible statements regarding a non-party named "Marcia Stacy," and defendants' refusal to accept pleadings from her in her state-court case because Ms. Stacy had been "seen . . . talking to Plaintiff." (*Id.* at CM/ECF pp. 1-2.) Plaintiff alleges that defendants violated his constitutional rights because he had not assisted Ms. Stacy with her motion and because the defendants would not give plaintiff information

regarding Ms. Stacy's state-court case. (*Id.* at CM/ECF pp. 2-6.) Plaintiff requests "100,000,000 damages" and injunctive relief. (*Id.* at CM/ECF p. 9.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**III. DISCUSSION OF CLAIMS**

The Court has carefully reviewed the complaint. As set forth above, plaintiff's allegations are nearly impossible to decipher. The allegations which the Court can decipher do not nudge any claim across the line from conceivable to plausible. Plaintiff does not set forth any specific actions taken by defendants which violate any constitutional right or support a claim under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). In short, plaintiff does not allege that defendants deprived him of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West*, 487 U.S. at 48; *Buckley*, 997 F.2d at 495. Even with the most liberal construction, plaintiff's complaint does not include "sufficient facts to support the claims advanced," and is, at best, frivolous. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

Further, to the extent plaintiff requests injunctive relief in the form of an order requiring defendants to permit him access to court filings in pending state-court cases, this Court will not grant such relief. Indeed, this Court is mindful of its obligation to promote comity between state and federal judicial bodies and will "abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state

-3-

proceedings." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)). Here, plaintiff has not alleged, nor demonstrated, that the Douglas County, Nebraska, District Court proceedings will not provide him with the opportunity to raise any potential constitutional claim relating to defendants' unwillingness to accept pleadings from plaintiff or other non-parties. Thus, even if plaintiff stated a claim for relief, which he does not, the Court would abstain from exercising jurisdiction over plaintiff's claim. A separate order will be entered in accordance with this memorandum opinion.

        DATED this 20th day of July, 2012.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                LYLE E. STROM, Senior Judge
                United States District Court

---

　　　* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.